# EXHIBIT A

1    RICHARD T. EGGER, Bar No. 162581
     richard.egger@bbklaw.com
2    LAUREN M. STRICKROTH, Bar No. 252700
     lauren.strickroth@bbklaw.com
3    BEST BEST & KRIEGER LLP
     2855 E. Guasti Road, Suite 400
4    Ontario, California 91761
     Telephone: (909) 989-8584
5    Facsimile: (909) 944-1441

6    Attorneys for Plaintiff
     CAL WEST ENVIRONMENTAL SERVICES,
7    INC.

**FILED**
Superior Court of California
County of Los Angeles

**OCT 08 2015**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Jacqueline Gonzalez

A6009
91750

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF LOS ANGELES

10   CAL WEST ENVIRONMENTAL
     SERVICES, INC., a California corporation,
11

12               Plaintiff,

13            v.

14   ESTRATEGY, INC., a Delaware corporation,
     dba One Salute, Inc.; BRIAN SEXTON, an
15   individual; LAURA LAKE, an individual;
     DOES 1-50, inclusive
16
              Defendants.
17

Case No. **KC067957**

**VERIFIED COMPLAINANT FOR
DAMAGES FOR:**

(1)   **BREACH OF WRITTEN
      CONTRACT;**
(2)   **BREACH OF ORAL CONTRACT;**
(3)   **WORK, LABOR, SERVICES
      [COMMON COUNT];**
(4)   **BOOK ACCOUNT;**
(5)   **INTENTIONAL
      MISREPRESENTATION;**
(6)   **NEGLIGENT
      MISREPRESENTATION**

18

19         **CASE ASSIGNED FOR
ALL PURPOSES TO
JUDGE ROBERT A. DUKES
DEPT.**

20

21

22

23

24

25

26

27

28

46478.00001\19868703.3

**COMPLAINT FOR DAMAGES**

CITY/CASE:
LEA/DEF#:

RECEIPT #: POM447809023
DATE PAID: 10/08/15 02:08 PM
PAYMENT RECEIVED: $435.00

CHECK:          $435.00
CASH:           $0.00
CHANGE:        $0.00
CARD:           $0.00

310

Plaintiff Cal West Environmental Services, Inc., a California corporation ("Cal West") hereby alleges as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff Cal West is a California corporation with its principal place of business in the City of La Verne, California, in the County of Los Angeles.

2.      Defendant eStrategy, Inc. ("eStrategy") is a Delaware corporation formerly qualified to do business in California. Cal West is informed and believes and thereon alleges that eStrategy's corporate status in California is FTB Suspended. Cal West is further informed and believes and thereon alleges that eStrategy has done business in California at least since 2010 under the fictitious name of One Salute, Inc. Cal West intends all references in this complaint to eStrategy to also include reference to eStrategy doing business under the name of One Salute, Inc. Cal West is further informed and believes and thereon alleges that venue is proper in the County of Los Angeles pursuant to Code of Civil Procedure section 395.5 in that the agreements which are the subject of this complaint were made in, and were to be performed in, the County of Los Angeles.

3.      Cal West is informed and believes and thereon alleges that Defendant Brian Sexton ("Sexton") is an individual residing in the State of Illinois. Cal West is informed and believes and thereon alleges that at least , Sexton has done business in the State of California through eStrategy by holding himself out as an executive officer of eStrategy in business travel to California and meetings in California for business purposes. Cal West further is informed and believes and thereon alleges that Sexton is one of two individual owners of eStrategy, along with Defendant Laura Lake.

4.      Cal West is informed and believes and thereon alleges that Defendant Laura Lake ("Lake") is an individual residing in the State of Missouri. Cal West is informed and believes and thereon alleges that at least 2010, Lake has done business in the State of California through eStrategy by holding herself out as an executive officer of eStrategy. Cal West further is

**COMPLAINT FOR DAMAGES**

1    informed and believes and thereon alleges that Lake is one of two individual owners of eStrategy,

2    along with Defendant Brian Sexton.

3        5.    The true names and capacities of Defendants Does 1 through 50, inclusive, are

4    unknown to Cal West who therefore sues said Defendants by such fictitious names pursuant to

5    California Code of Civil Procedure section 474.  Cal West will seek leave of court to amend this

6    Complaint once said true names and capacities have been ascertained.

7        6.    Cal West is informed and believes and on that basis alleges that at all times

8    mentioned here the Defendants served as Does herein were the agents and/or employee of each of

9    the remaining Defendants and in doing the things herein mentioned were acting within the scope

10   of such agency and/or employment.  Cal West is further informed and believes and thereon

11   alleges that each of the Defendants served as Does here were responsible in some way for the

12   damages alleged herein alleged.

13       7.    Cal West is informed and believes and thereon alleges that there exists, and at all

14   times herein mentioned there existed, a unity of interest and ownership between Defendants

15   Sexton and Lake and Defendant eStrategy, such that any individuality and separateness between

16   Defendants Sexton and Lake and Defendant eStrategy have ceased, and defendant eStrategy is the

17   alter ego of Defendants Sexton and Lake in that:

18       (a) Cal West is informed and believes and thereon alleges that eStrategy was conceived,

19   intended, and used by Defendants Sexton and Lake as a device to avoid individual liability and

20   for the purpose of substituting a financially insolvent corporation in the place of Defendants

21   Sexton and Lake.  Cal West is informed and believes and thereon alleges that at no time after

22   eStrategy became incorporated was any stock authorized to be issued or issued, nor has any

23   permit for issuance of stock been applied for with the applicable authorities in the State of

24   Delaware.

25       (b) Cal West is informed and believes eStrategy is, and at all times herein mentioned was,

26   so inadequately capitalized that, compared with the business to be done by eStrategy and the risks

27   of loss, its capitalization was trifling.

28

**COMPLAINT FOR DAMAGES**

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CALIFORNIA 91761

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CALIFORNIA 91761

1    (c) Cal West is informed and believes eStrategy is, and at all times herein mentioned was,

2    a mere shell, instrumentality, and conduit through which Defendants Sexton and Lake have

3    exercised complete control and dominance of such business to such an extent that any

4    individuality or separateness of eStrategy and Defendants Sexton and Lake does not, and at all

5    times herein mentioned did not, exist.

6    (d) Cal West is informed and believes eStrategy is, and at all times herein mentioned was,

7    controlled, dominated, and operated by Defendants Sexton and Lake as their individual business

8    and alter ego, in that the activities and business of eStrategy was and is carried out without the

9    holding of directors' or shareholders' meetings, and no records or minutes of any corporate

10   proceedings were maintained.

11   8.    Cal West is a hazardous waste transportation company.  Its services include waste

12   inventory and identification, paperwork preparation, and transportation of hazardous waste to

13   licensed disposal sites.  Cal West is fully licensed and permitted to provide its services.  Among

14   other services, Cal West is licensed to transport hazardous waste from medical facilities.

15   9.    In 2010, Cal West was approached by Defendant Sexton, who represented that he

16   and Defendant Lake owned and operated eStrategy, and that eStrategy had been awarded a

17   contract to dispose of hazardous waste at certain facilities operated by the United States

18   Department of Veterans Affairs through its VA Northern California Health Care System

19   ("VANCHCS").  The VANCHCS facilities were located at seven VANCHCS Medical centers or

20   outpatient clinics (OPC), including Sacramento Medical Center at Mather, Redding OPC, Chico

21   OPC, McClellan OPC, Martinez OPC, Mare Island OPC and Oakland OPC.  Defendant Sexton

22   represented that eStrategy did not have the requisite qualifications and licensing to transport the

23   hazardous waste, and requested that Cal West contract with eStrategy to fulfill those portions of

24   the VANCHCS contract.

25   10.   On or about October 6, 2010,  Cal West made a written proposal to eStrategy,

26   which it presented to Defendant Sexton, and on that date Defendant Sexton, holding himself out

27   as an authorized officer of eStrategy accepted the proposal, which became a binding contract

28

46478.00001\19868703.3                              - 2 -

**COMPLAINT FOR DAMAGES**

1    referred to as the "Mather Contract". A copy of the Mather Contract is attached as Exhibit "A"
2    and incorporated by this reference.

3          11.    Cal West performed all services required of it under the Mather Contract.

4          12.    In 2014, Defendant Sexton, on behalf of eStrategy, approached Cal West and
5    informed it that eStrategy was seeking another contract with VANCHCS, for additional
6    hazardous waste pickup and disposal at other VANCHCS locations in Northern California,
7    including one in Palo Alto, California. Defendant Sexton proposed orally to Cal West that if
8    eStrategy was awarded the new contract, that Cal West again provide the hazardous waste
9    disposal services, under an arrangement whereby eStrategy would bill VANCHCS for the
10   disposal services, and then pay Cal West for the services based on the rates in the proposed new
11   contract. In response, Cal West advised that it would be willing to do the work, but that in
12   addition to being paid at the stated contract rates, it also would receive one-half of any additional
13   sums paid by VANCHCS for approved mark-ups including for administrative services. On
14   behalf of eStrategy, Defendant Sexton agreed to that arrangement.

15         13.    Cal West is informed and believes and thereon alleges that thereafter, VANCHCS
16   and eStrategy entered into Contract Number VA261-14-R-0606 (the "Palo Alto Contract") for
17   work including the hazardous material disposal at the listed facilities.

18         14.    Between January and July of 2015, Cal West continued to provide hazardous
19   material disposal services under the Mather Contract. Commencing in January of 2015, and
20   through July of 2015, Cal West provided hazardous material disposal services under the Palo Alto
21   Contract. When eStrategy failed to pay Cal West for this work, as alleged in this complaint, Cal
22   West stopped providing services under the Mather Contract and the Palo Alto Contract.

23         **FIRST CAUSE OF ACTION**
24         **(BREACH OF WRITTEN CONTRACT)**

25         15.    Cal West incorporates by this reference each and every allegation set forth above
26   in Paragraphs 1 through 14, inclusive, and incorporates the same by this reference as if set forth at
27   length hereat.

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CALIFORNIA 91761

46478.00001\19868703.3                    - 3 -

**COMPLAINT FOR DAMAGES**

16.     Cal West has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Mather Contract except for the services to be performed after July of 2015 for the balance of the term of the Mather Contract. Plaintiff did not perform these conditions because of the anticipatory breach of the Mather Contract by eStrategy failing to pay for the work already performed and Cal West is informed and believes and thereon alleges that eStrategy has engaged another company to perform the balance of the services under the Mather Contract, thereby preventing Cal West from completing its performance.

17.     In or about July of 2015, eStrategy breached the Mather Contract by failing to pay the balance then due under the Mather Contract in the amount of $3,995.00.

18.     As the result of eStrategy's breach of the Mather Contract, Cal West has been damaged in an amount as yet not fully ascertained, but which is not less than $3,995.00.   Cal West is entitled to an award of its damages, including future profits, according to proof, as well as to an award of prejudgment interest according to proof.

## SECOND CAUSE OF ACTION

## (BREACH OF ORAL CONTRACT)

19.     Cal West incorporates by this reference each and every allegation set forth above in Paragraphs 1 through 14, inclusive, and incorporates the same by this reference as if set forth at length hereat.

20.     Cal West has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Palo Alto Contract except for the services to be performed after July of 2015 for the balance of the term of the Palo Alto Contract. Plaintiff did not perform these conditions because of the anticipatory breach of the Palo AltoContract by eStrategy failing to pay for the work already performed and Cal West is informed and believes and thereon alleges that eStrategy has engaged another company to perform the balance of the services under the Palo AltoContract, thereby preventing Cal West from completing its performance.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CALIFORNIA 91761

**COMPLAINT FOR DAMAGES**

21.     In or about July of 2015, eStrategy breached the Palo Alto Contract by failing to pay the balance then due under the Palo Alto Contract in the amount of $73,781.08.

22.     As the result of eStrategy's breach of the Palo Alto Contract, Cal West has been damaged in an amount as yet not fully ascertained, but which is not less than $73,781.08.  Cal West is entitled to an award of its damages, including future profits, according to proof, as well as to an award of prejudgment interest according to proof.

## THIRD CAUSE OF ACTION

## (WORK, LABOR, SERVICES)

23.     Cal West incorporates by this reference each and every allegation set forth above in Paragraphs 1 through 14, inclusive, and incorporates the same by this reference as if set forth at length hereat.

24.     Within two years past, at La Verne, California, Defendants, and each of them, became indebted to Cal West in the agreed sum of $77,776.08 for work, labor, and services performed by Cal West at the special request of Defendants, and each of them.

25.     On September 14, 2015, Cal West made written demand for payment of the balance due to it from Defendants, and each of them.  Defendants, and each of them, have disregarded the demand made by Cal West.

26.     Cal West is entitled to damages in the amount of not less than $77,776.08, together with prejudgment interest in accordance with California law.

## FOURTH CAUSE OF ACTION

## (Open Book Account)

27.     Cal West incorporates by this reference each and every allegation set forth above in Paragraphs 1 through 14, inclusive, and incorporates the same by this reference as if set forth at length hereat.

28.     Within two years last past, Defendants, and each of them became indebted to Cal West on an open book account for money due in the sum of $77,776.08 for services performed by Cal West at Defendants special instance and request.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CALIFORNIA 91761

29.   Cal West is entitled to damages in the amount of not less than $77,776.08, together with prejudgment interest in accordance with California law.

30.   The contract on which this action is based is a contract on a book account. Section 1717.5 of the Civil Code provides that in the event legal action is taken to enforce collection, the prevailing party on the contract is entitled to recover reasonable attorney's fees. Cal West is entitled to an award of attorney's fees consistent with section 1717.5.

## FIFTH CAUSE OF ACTION

### (Intentional Misrepresentation)

31.   Cal West incorporates by this reference each and every allegation set forth above in Paragraphs 1 through 14, inclusive, and incorporates the same by this reference as if set forth at length hereat.

32.   In or about May of 2014, Defendant Sexton, acting for himself and on behalf of all other Defendants, represented to Cal West that if Cal West would provide hazardous waste disposal services for eStrategy so that eStrategy would be able to fulfill its contractual obligations under what was to become the Palo Alto Contract, eStrategy would pay Cal West for the actual cost of its services and would also pay Cal West one-half of any amount of mark-up which was paid to eStrategy under the Palo Alto Contract with respect to the hazardous waste disposal services.

33.   Defendant Sexton made those representations to induce Cal West to provide the hazardous waste disposal services required by the Palo Alto Contract.

34.   Cal West is informed and believes and thereon alleges that when Defendant Sexton made the foregoing representations on behalf of all Defendants, the Defendants had no intention of performing the promises made.

35.   Unaware that Defendants were not going to perform under the Palo Alto Contract by honoring the payment arrangement, and in reasonable reliance upon those representations, Cal West materially changed its position by performing hazardous waste disposal services at the facilities served by that contract, including by driving from Southern California on multiple occasions to pick up and transport the hazardous waste.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CALIFORNIA 91761

46478.00001\19868703.3                     - 6 -

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CALIFORNIA 91761

36.     Defendants, and each of them, failed to honor their promise and failed and refused to pay Cal West the agreed-upon sums for the hazardous waste disposal services.  As a result, Cal West has been damaged in an amount according to proof at trial, but not less than $77,776.08.

37.     The aforementioned conduct of the Defendants was an intentional deceit, made with the intention on the part of the Defendants to deprive Cal West of the payment for the hazardous waste disposal services,  and was despicable conduct that subjected Cal West to a cruel and unjust hardship in conscious disregard of the Cal West's rights, so as to justify an award of exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

### (Negligent Misrepresentation)

38.     Cal West incorporates by this reference each and every allegation set forth above in Paragraphs 1 through 14, inclusive, and Paragraphs 32, 33 and 35 through 37, inclusive of this Complaint and incorporates the same by this reference as if set forth at length hereat.

39.     When Defendant Sexton made these representations on behalf of himself and all other Defendants, he had no reasonable ground for believing them to be true in that Defendants, and each of them, did not know whether or not they would pay to Cal West the agreed-upon sums for the hazardous waste disposal work under the Palo Alto Contract.

WHEREFORE, Cal West prays for relief as follows:

AS TO THE FIRST CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT

1.     For damages according to proof, in an amount not less than $3,995.00;

2.     For prejudgment interest on the balance due, according to proof.

AS TO THE SECOND CAUSE OF ACTION FOR BREACH OF ORAL CONTRACT

1.     For damages according to proof, in an amount not less than $73,781.08;

2.     For prejudgment interest on the balance due, according to proof.

2.     AS TO THE THIRD CAUSE OF ACTION FOR WORK, LABOR, SERVICES [COMMON COUNT]

1.     For damages according to proof, in an amount not less than $77,776.08;

2.     For prejudgment interest on the balance due, according to proof.

46478.00001\19868703.3                        - 7 -

<u>AS TO THE FOURTH CAUSE OF ACTION FOR BOOK ACCOUNT</u>

1.    For damages according to proof, in an amount not less than $77,776.08;

2.    For prejudgment interest on the balance due, according to proof;

3.    For reasonable attorney's fees according to proof pursuant to Civil Code section 1717.5.

<u>AS TO THE FIFTH CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION</u>

1.    For general damages according to proof;

2.    For exemplary and punitive damages according to proof.

<u>AS TO THE SIXTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION</u>

1.    For general damages according to proof;

2.    For exemplary and punitive damages according to proof.

<u>AS TO THE ALL CAUSES OF ACTION</u>

1.    For costs of suit herein incurred; and,

2.    For such other and further relief as the Court may deem proper.


Dated: October 7, 2015                          BEST BEST & KRIEGER LLP


                                                By: _____
                                                RICHARD T. EGGER
                                                LAUREN M. STRICKROTH
                                                Attorneys for Plaintiff
                                                CAL WEST ENVIRONMENTAL
                                                SERVICES, INC.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CALIFORNIA 91761

1

<u>VERIFICATION</u>

2        I have read the foregoing **VERIFIED COMPLAINT** and know its contents.

3    ☐    I am a party to this action. The matters stated in it are true of my own knowledge
         except as to those matters which are stated on information and belief, and as to
4        those matters I believe them to be true.

5    ☒    I am an officer of CAL WEST ENVIRONMENTAL SERVICES, INC., a party to
         this action, and am authorized to make this verification for and on its behalf, and I
6        make this verification for that reason. I have read the foregoing document(s). I
         am informed and believe and on that ground allege that the matters stated in it are
7        true.

8    ☐    I am one of the attorneys of record for _____, a party to this action.
         Such party is absent from the county in which I have my office, and I make this
9        verification for and on behalf of that party for that reason. I have read the
         foregoing document(s). I am informed and believe and on that ground allege that
10       the matters stated in it are true.

11

12       Executed at La Verne, California on October 7, 2015.

13       I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.

14

15                                              _____
16                                              Paul Williams

17

18

19

20

21

22

23

24

25

26

27

28

46478.00001\19868703.3                    **VERIFICATION**

**EXHIBIT "A"**



**CAL WEST**
ENVIRONMENTAL SERVICES, INC

October 6, 2010

Brian Sexton
EStrategy Inc c o
VANCHCS Facilities
bsexton@estrategydelivers.com

Dear Mr. Sexton,

Cal West Environmental Services, Inc., (CAL WEST) is pleased to provide this quotation for the hazardous waste disposal contract for Veterans Affairs Northern California health Care System Facilities (VANCHCS), located in Northern California.

CAL WEST has considerable contacts with treatment/disposal facilities that will enable us to provide the most practical, cost effective and <u>safest</u> method of hazardous and non hazardous waste disposal. Our professionals will administer satisfaction through this project in a prompt and responsible manner.

Should you have any questions regarding the following quotation, please feel free to contact my office at (800) 990-9278.

Sincerely,

Paul Williams
Cal West Environmental Services, Inc.



**CAL WEST**
ENVIRONMENTAL SERVICES, INC

October 6, 2010

Brian Sexton
ESTRATEGY/VANCHCS
Hazardous Waste Disposal
Page One


## SCOPE OF SERVICES

Prices quoted include: Profile fees, prepared manifest(s), proper labeling, transportation and disposal. Prices quoted do not include surcharges for changes in waste streams as described on the VANCHCS Facilities Waste List attachment.

Price(s) quoted includes all related paperwork [bills of lading, profile, manifest(s), labels-including replacement labels and mailing of manifest copy to the State of California as needed].

VANCHCS *Statement of Work* is listed as an attachment and made a part of our Quotation It is agreed Estrategy & Cal West will perform to the best of their duties as outlined in the VA's SOW.

## CONDITIONS (APPLIES TO ALL DRUMMED WASTE):

Waste must be in D.O.T./UN approved containers (**drums supplied by Cal West meet these requirements**). Containers not meeting D.O.T./UN standards, leaking, damaged, waste on outside or top of container(s), or otherwise deemed "unsafe" will be replaced or overpacked at an additional charge. Cal West will provide the replacement drums and materials meeting DOT/UN approval at no additional charge. The total estimated price of the contract is listed on Table 1 Hazardous Waste Disposal October 6th 2010.

## TERMS

TERMS ARE DUE NET SIXTY DAYS FROM INVOICE.

Additional charges outside the scope of work will be billed at a rate of $65.00 an hour.

CAL WEST will comply with Federal, State, and local regulations regarding transportation and disposal of hazardous waste

2386 First Street, La Verne, CA 91750     Tel (909) 593-7733 Fax (909) 593-2362



# CAL WEST
## ENVIRONMENTAL SERVICES, INC

October 6, 2010

Brian Sexton
ESTRATEGY V ANCHCS
Hazardous Waste Disposal
Page Two

This agreement shall remain in effect for the one year base contract as well as any and all extensions of this with the VANCHCS.

Disposal pricing and cost of living increases, if applicable, will be provided at least 30 days prior to annual extensions.

Either party may terminate this agreement within 60 days written notice to the other party.

Cal West and Estrategy agreed to keep all information especially government sensitive information confidential and will enter into a separate confidentiality agreement which will cover all information exchange between the VA, Estrategy, and Cal West.

CAL WEST appreciates the opportunity to provide this quotation.

If you have any questions, or require further information, please feel free to contact me at my office at (800) 990-9278.

Sincerely,                                                Approved By

Paul Williams                                            ESTRATEGY, INC
Cal West Environmental Services, Inc.                    (Signature)

                                                         Brian Sexton 10-6-10
                                                         By  (Print Name)        Date

2386 First Street, La Verne, CA 91750     Tel (909) 593-7737 Fax (909) 593-7362



**CAL WEST**
ENVIRONMENTAL SERVICES, INC

## STATEMENT OF WORK

### A. GENERAL INFORMATION

1. Title of Project:  Hazardous Waste Disposal and Management

- General Contract Information: Contract covers the services for inspection, packaging/repackaging, loading, unloading, containerization, removal, transportation, storage, recycling, reuse, recovery, treatment, and disposal of hazardous and regulated substances from Veterans Affairs Northern California Health Care System (VANCHCS) facilities. Sites included under this contract will include nine VANCHCS Medical centers or Outpatient Clinics (OPC): Sacramento Medical Center at Mather, Redding OPC, Chico OPC, McClellan OPC, Martinez OPC, Fairfield OPC, Mare Island OPC, Oakland OPC and Oakland Mental Health Clinic or other VANCHCS interests.  Additional services include expedited removals, laboratory analysis, sampling & analysis for each unknown waste stream, reports, forms, labeling services.  Infectious and radioactive wastes, or mixtures of such wastes with hazardous waste, shall not be included under this contract.  Waste disposed of under this contract may possibly be contaminated with one or more substances not specifically identified.  See Table 1 for the list and estimated quantity of Hazardous Waste

- Contractor Furnished: The contractor shall furnish all labor, supervision, supplies, materials, services, equipment (to include but not limited to the following: suction trucks, pumping equipment, container trucks, portable scales for weighing drums and bulk containers, sampling equipment and cleaning equipment, incidental spill cleanup supplies, forklifts and waste collection containers) transportation, permits and authorization to accomplish the work in a timely and efficient manner.  The US Government shall not furnish any personnel or equipment to assist the contractor in the performance of the contract.  The contractor understands that any other offers of assistance or use of Government equipment made by US Government personnel other than the Contracting Officer are unauthorized and the contractor shall not accept any such offers.

- Removal: The removal, transportation, storage, treatment, and disposal of wastes offered under this contract are to be performed in accordance with Title 40, Code of Federal Regulations (40CFR), Title 22, California Code of Regulations 22CCR, and Title 49, Code of Federal Regulations (49CFR).  The contractor shall be in compliance with VANCHCS Policy 138-62 Hazardous

2386 First Street, La Verne, CA 91750    Tel (909) 593-5731 Fax (909) 593-5862



**CAL WEST**
**ENVIRONMENTAL SERVICES, INC**

Material Management Policy and conformance with industry standards that minimize risks to human health and the environment.

- Performance Period: Work is based on the amount of hazardous waste generated at the nine VANCHCS facilities. The contractor or designee must be available via telephone on 24 hour seven days a week basis. An answering service is acceptable as long as communication by a person who can take action and authorize funds can be made with the COTR or designated person within 60 minutes of the initial call.

## B. CONTRACTOR PERSONNEL

- The contractor shall submit the names and telephone numbers of the contract manager, the alternate contract manager and the on-site technical representative (OSTR).

- The contract manager and his alternate shall have full authority to act for the contractor on all contract matters relating to the operation of this contract, i.e., all contract arrangements and required coordination. The contractor agrees that notice by the VANCHCS to designated contract manager or alternate contract manger shall constitute notice to the contractor and agrees to be bound by any commitments or representations made by the employee so designated.

- Any mention of Contractor in this document shall include: sub-contractor, employee, or designee assigned by the Contractor.

- Contractor personnel shall present a neat appearance and be easily recognized as contractor's employees. This may be accomplished by wearing distinctive clothing bearing the name of the company or by wearing appropriate badges that display the company's name. The contractor and sub-contractor personnel must have the ability to communicate (i.e. cellular phones) with VANCHCS Contracting Officer (CO) and Contracting Officers Technical Representative (COTR).

- The contractor shall ensure that all operations conducted under this contract are supervised by individuals that have been appropriately trained in the technical aspect of hazardous substances management.

## C. PERMITS AND RESPONSIBILITES

- The contractor shall, without additional expense to VANCHCS, be responsible for obtaining any necessary licenses, permits, notification, and

2386 First Street, La Verne, CA 91750    Tel (909) 593-7711 Fax (909) 593-2362



**CAL WEST**
ENVIRONMENTAL SERVICES, INC

documentation, complying with any laws, codes and regulations in connection with execution of the work. The contractor shall be responsible for all damages to persons or property that occurs as a result of the contractors/contractor employees fault or negligence.

- The contractor shall use only Treatment Storage and Disposal Facilities (TSDF) approved for this contract. The contractor shall submit the names and EPA ID numbers of proposed TSDF prior to using any TSDF on this contract. The VANCHCS shall be final approval authority to use submitted TSDFs. The contractor shall provide VANCHCS updated facility or permit information upon expiration of any permit.

- The contractor shall prepare, complete, and return signed copies of shipping documentation (manifests) as required by 40 CFR, state, and local requirements. The contractor shall provide a photo copy of the first page of the signed manifest to the COTR if copies of the generator's page are unreadable. If failure to have proper shipping documentation results in a non compliance with Federal, State, or local regulators, a reduction in the payment of the task order may occur. A copy of the completed manifest shall be submitted with contractor's payment documentation submitted. The monthly invoice shall include the cost of each manifest or bill of lading (shipping documents) processed during the billing month. **No invoice shall be paid without copies of manifest, bill of lading, or required land disposal restrictions.**

## D.  WASTE CONTAINERS

1. All containers provided by the contractor for packaging/repackaging of wastes for transportation shall meet Department of Transportation (DOT) UN specification for performance oriented packaging.

2. Types and sizes of original VANCHCS containers may vary greatly but are normally commercial packaging sizes, ranging from small bottles cans to 85 gallon overpack drums. The integrity of the containers is not guaranteed by VANCHCS; the contractor shall perform such repackaging and furnish all required materials to properly contain material from leaking or escaping repackaging material.

3. Government owned containers shall not be reused by the contractor. If compressed gas cylinders are not destroyed in the treatment process, they must be rendered to scrap and unable to hold a positive pressure. The contractor is required to have available all the proper attachments and tools necessary for removing/pumping wastes from tanks, pods, and drums.



**CAL WEST**
**ENVIRONMENTAL SERVICES, INC**

4.  The contractor or sub-contractors may be called upon to provide guidance and assistance to the generator and/or the COTR for the identification of waste. The final decision on waste classification resides with the generator, however, the contractor can challenge a waste description to the CO through the COTR. The contractor shall provide proof (certified lab analysis) when challenging a VANCHCS waste identification.

5.  The contractor shall provide and use the appropriate waste identification labels/markers on the waste containers. The contractor shall fill-in completely all labels in accordance with USEPA and DOT requirements.

6.  The contractor shall provide the appropriate size waste containers for each waste stream as needed.

7.  The contractor shall pick-up hazardous waste containers from the storage locations. The contractor shall fill-in all label requirements as needed. The contractor shall inspect the containers for damage or leaks and repack as needed.

8.  Verification of delivery order weights is required. The contractor shall weigh the wastes in the presence of the COTR or COTR designee prior to the departure from the installation. The contractor shall use contractor provided portable scales. The annual calibration certificate must be available for the COTR to inspect when portable scales are used. Should the contractor's scales not be available and the container to be weighted is too large for a portable scale then VANCHCS scales may be utilized, if available. In the event the contractors or Government scales are not available, public scales may be used at no additional cost to VANCHCS. In this case the contractor shall provide weight tickets to the COTR within 2 work day of removal.

9.  Weight of waste shall not include weight of pallets, boxes, strapping, etc., unless this is an integral part of the packaging, and shall not be removed by the contractor prior to disposal or regulatory requirement for disposal.

10. All containers and labels deliverable under this contract shall be marked or tagged with the following information: (a) contract number, (b) delivery order number, (c) the name and address of the primary contractor (d) the description of item (e) all information required by applicable Federal, State, and Local regulations.

## E.  WASTE ANALYSIS, STORAGE, AND TRANSPORTATION



**CAL WEST**
**ENVIRONMENTAL SERVICES, INC**

- Hazardous waste will be sampled for proper waste identification only under the guidance of the COTR. Only laboratories having proper laboratory certification and approval for use from the CO or COTR shall be used to perform waste analysis under this contract. The contractor shall provide documentation that each laboratory proposed to be used under this contract is certified to perform waste analysis in accordance with U SFPA or equivalent international methods. Contractor shall provide to the COTR, a copy of the sample chain of custody, a copy of the sample analysis, and a copy of the resulting waste stream characterization

- The contractor shall store hazardous waste and materials in a manner that effectively mitigates hazards to human health and the environment Incompatible chemicals shall be segregated, all containers shall be non-leaking, in good condition and labeled. The hazardous waste storage lockers will be known as 90-day sites.

- Storage of waste cannot exceed the generator restriction. Furthermore, contractor shall not store hazardous waste at a TSDF facility for a time that exceeds permit restrictions

- The contractor and the subcontractors shall transport waste in accordance with Department of Transportation (DOT) regulations, 49 CFR, governing identification, packaging, labeling, and placarding of dangerous goods containers and vehicles transportation.

- The contractor's and sub-contractor's drivers must have the appropriate emergency action instruction and any other documentation as required by DOT. All vehicles shall be equipped with appropriate emergency response equipment and spill clean-up materials to include adequate amount of absorbents, a broom, shovel and container for collecting spill residue. Drivers must have appropriate training to perform spill clean-up and notification,

- The contractor shall inform the COTR of any hazardous waste that was not previously characterized. At the COTR's discretion he/she will direct the contractor to perform a hazardous waste stream profile analysis. The contractor shall provide all copies of hazardous waste analysis to the COTR prior to disposal of the hazardous waste.

## F. SPILL AND CONTINGENCY RESPONSIBILITIES

- The liability for spills or releases resulting from the performance of this contract rests solely with the contractor and its agent(s).



**CAL WEST**
ENVIRONMENTAL SERVICES, INC

- The contractor agrees to clean-up spills and releases to the satisfaction of the COTR and in compliance with all applicable Federal, State, and Local regulations. Contractor shall dispose of all spill residue and debris at no additional cost to VANCHCS

- The contractor shall notify immediately (within 15 minutes of spill release) the CO and COTR of any spill or releases resulting from the performance of this contract. A written report shall be provided to the CO and COTR no later than 24 hours after the spill or release. Attachment C is an example of an acceptable report form, the contractor may use this form or a similar format.

- The contractor may be directed by the CO/COTR to clean-up accumulated drips and a spill, resulting from work performed by government employees, inside the hazardous waste storage sheds. This work will be charged to the government on the monthly invoice.

## G. REPORTS AND MEETINGS

A. The contractor shall provide the COTR a report that summarizes hazardous waste/material movement from the point of generation to the final TSDF, monthly. The monthly report shall be in a Microsoft Excel Format (MS Office 2005 or better) with all fields capable of being sorted and queried by user. The report shall be provided electronically by the 15th day of the following month.

B. The contractor shall provide a copy of the waste stream characterization for each new waste stream sent out during the month. The copies shall be provided by the 15th day of the following month. Attachment B is an example of an acceptable report form, the contractor may use this form or a similar format.

C. The contractor shall provide an annual report summarizing hazardous/special waste movement from point of generation to disposal facility. The output must indicate how much in pounds of each waste stream from each VANCHCS facility went to which disposal facility and how much in pounds of that waste was recycled. The report shall be in a Microsoft Excel Format (MS Office 2005 or better) with all fields capable of being sorted and queried by user. The report shall be provided electronically by the 15th day of the beginning of the Fiscal Year (i.e. October 1 the following year contract began).

## H. GOVERNMENT DELAY OF WORK



# CAL WEST
**ENVIRONMENTAL SERVICES, INC**

1. Stop-work order. The CO may, at any time, by written order to the contractor, require the contractor to stop all, or part, of the work called for by this contract for a period of 90 days after the order is delivered to the contractor, and for any further period to which the parties agree.

## I. SPECIFIC MANDATORY TASKS AND ASSOCIATED DELIVERABLES

Description of Tasks and Associated Deliverables: The contractor shall provide the specific deliverables described below within the performance period stated in Section A. 4 of this SOW.

Task One: The contractor shall provide containers for packaging repackaging of wastes for transportation that meet DOT/UN specification for performance oriented packaging.

Task Two: The contractor shall provide and use the appropriate waste identification labels/markers on the waste containers.

Task Three: The contractor shall deliver and pick-up the appropriate size waste containers with the appropriate waste label/marker for each waste stream as needed.

Task Four: The contractor shall store hazardous waste and materials in a manner that effectively mitigates hazards to human health and the environment. Deliverable One: The contractor shall submit the names and telephone numbers of the contract manager, the alternate contract manager and the on-site technical representative (OSTR).

Deliverable Two: Whenever the contractor is requested to sample a waste stream for waste disposal identification, the contractor shall provide to the COTR, a copy of the sample chain of custody, a copy of the sample analysis, and a copy of the resulting waste stream characterization.

Deliverable Three: The contractor shall prepare, complete, and return signed copies of shipping documentation (manifests) as required by 40 CFR, state, and local requirements. The contractor shall provide electronic copies of the first page of the signed manifest to the COTR.

Deliverable Four: The contractor shall provide the COTR a report that summarizes hazardous waste/material movement from the point of generation to the final TSDF on a monthly frequency.



**CAL WEST**
ENVIRONMENTAL SERVICES, INC

Deliverable Five. The contractor shall provide a copy of the waste stream characterization for each new waste stream sent out during the month. The copies shall be provided by the 15th day of the following month.

Deliverable Six: The contractor shall provide an annual report summarizing hazardous/special waste movement from point of generation to disposal facility. The output must indicate how much in pounds of each waste stream from each VANCHCS facility went to which disposal facility and how much in pounds of that waste was recycled.

Deliverable Seven: The contractor shall inform the COTR of any hazardous waste that was not previously characterized. At the COTR's discretion he/she will direct the contractor to perform a hazardous waste stream profile analysis. The contractor shall provide all copies of hazardous waste analysis to the COTR prior to disposal of the hazardous waste.

## I. CONTRACT EFFECTIVE PERIOD

The Period of Performance for this contract will be effective from 01 October 2010 through September 30, 2011 with four one year options from October through September of succeeding fiscal years.

## J. EVALUATED OPTIONAL TASKS AND ASSOCIATED DELIVERABLES

Contractor shall not be allowed to miss the reporting periods unless authorized by the contracting Officer.

## K. SCHEDULE FOR DELIVERABLES

1. Hazardous waste manifests shall be delivered at time of disposal pick-up.

2. If for any reason any deliverable cannot be delivered within the scheduled time frame, the contractor is required to explain why in writing to the Contracting Officer, including a firm commitment of when the work shall be completed. This notice to the Contracting Officer shall cite the reasons for the delay, and the impact on the overall project. The Contracting Officer will then review the facts and issue a response in accordance with applicable regulations.

3. See schedule for deliverable in Section I

## L. CHANGES TO STATEMENT OF WORK

2386 First Street, La Verne, CA 91750     Tel. (909) 593-7233, Fax (909) 593-2362



**CAL WEST**
ENVIRONMENTAL SERVICES, INC

Any changes to this SOW shall be authorized and approved only through written correspondence from the Contracting Officer. A copy of each change will be kept in a project folder along with all other products of the project. Costs incurred by the contractor through the actions of parties other than the Contracting Officer shall be borne by the contractor.

## M. REPORTING REQUIREMENTS

The contractor must report any spills, release or injuries immediately to the OC or COTR or in case of emergency to the VA police at 911.

## N. TRAVEL

Travel may be needed for the kick-off and closing meetings.

## O. GOVERNMENT RESPONSIBILITIES

1. The Contracting Officer (CO), Contracting Officer Technical Representative (COTR) or designated person will provide point of contact information to the contractor. A COTR will be designated to represent the Contracting Officer in furnishing technical guidance and advice under this contract. The foregoing is not to be construed as authorization to interpret or furnish advice and information to Contractor relative to the financial or legal aspects of the contract. Those matters are the responsibility of the Contracting Officer and shall not be delegated.

2. Provide Contractor storage space for the waste generated at each campus.

## P. CONTRACTOR PERSONNEL SECURITY REQUIREMENTS

A. All contractor employees who require access to the VA NCHCS campus must obtain a security badge from the VA Office of Security and Law Enforcement.

| Table 1- List of Hazardous Waste | | | | |
|---|---|---|---|---|
| Description | Qty | Unit | $ Per Unit | Total |



**CAL WEST**
**ENVIRONMENTAL SERVICES, INC**

| | | | | | |
|---|---|---|---|---|---|
| 1 | Waste Removal Fee (per zone)<br><br>Zone A (monthly) (qty. 12)(Mather, Martinez, McClellan)<br>Zone B (quarterly) (qty. 4)(Oakland, Mare Island, Fairfield) Zone C (quarterly) (qty. 4)(Chico, Redding)<br>***(estimated total, qty. 20 for the base period) | 20 | EA | | |
| 2 | UN2810, Waste Toxic Liquids, Organic, n.o.s., 8.1, II (Methoxyclor(e), Chloropyriphos) - 5 gallon poly drum | 1 | EA | $175.00 | $175.00 |
| 3 | UN1320, Dinitrophenol, wetted with not less than 15% waterbymass,4.1(6.1), I, -5 gallon poly drum | 1 | EA | $255.00 | $255.00 |
| 4 | UN1992, Waste Flammable Liquids, Toxic, n.o.s., 3(6.1), II, -5 gallon poly drum | 1 | EA | $175.00 | $175.00 |
| 5 | Non RCRA Haz. Waste Solid, (lab debris) - 5 gal poly drum | 5 | EA | $90.00 | $450.00 |
| 6 | Waste Aerosols, flammable (Each not exceeding 1L Capacity), 2.1- 55 gallon poly drum | 15 | EA | $240.00 | $3,600.00 |
| 7 | UN1993, Waste Flammable Liquids, N.O.S., 3, II,- 55 gallon metal drum | 12 | EA | $115.00 | $1,380.00 |
| 8 | UN1814, Waste Potassium Hydroxide Soln., 8, II, - 5 gallon poly drum | 1 | EA | $115.00 | $115.00 |
| 9 | Waste Self Reactive Solid type C, (2,2 Azobis) (CA-9503005), 4.1, II, UN3224- 5 gallon poly drum | 1 | EA | $300.00 | $300.00 |
| 10 | (Mercury), 9, III, NA3082, Hazardous Waste Liquid, n.o.s - 5 gallon poly drum | 1 | EA | $300.00 | $300.00 |



# CAL WEST
### ENVIRONMENTAL SERVICES, INC

| | | | | | |
|---|---|---|---|---|---|
| 11 | 2-Benzyl-4-Chlorophenol, NONE, Non- RCRA, Haz. Waste Solid -5 gallon poly drum | 2 | EA | $90.00 | $180.00 |
| 12 | 5-Sulfosalicylic, None, NON-RCRA Haz. Waste Liquid. - 5gallon poly drum | 4 | EA | $90.00 | $360.00 |
| 13 | Waste Environmentally Hazardous Substances, Solid, n.o.s., 9, III (Broken Fluorescent Lamps) - 30 gallon drum | 3 | EA | $350.00 | $1,050.00 |
| 14 | NA1993, Combustible Liquid, n.o.s., III - 5 gallon poly drum | 3 | EA | $90.00 | $270.00 |
| 15 | UN2810, Waste Toxic Liquid, Organic, n.o.s., 6.1, II (Cyclophosphamide) - 5 gallon poly drum | 2 | EA | $175.00 | $350.00 |
| 16 | Diesel Fuel, Absorbents, Non RCRA, Hazardous Waste Solid -20 gallon metal drum | 12 | EA | $100.00 | $1,200.00 |
| 17 | UN2811, ToxicSolids, Organic, n.o.s., 6.1, III (Ethidium Bromide) -5gallon poly drum | 4 | EA | $175.00 | $700.00 |
| 18 | Glutaraldehyde Disinfecting Encapsulant, NONE, NON RCRA Haz. Waste Solid - 5gallon poly drum | 4 | EA | $90.00 | $360.00 |
| 19 | Glutaraldehyde, Non RCRA Haz. Waste Liquid - 5 gallon poly drum | 1 | EA | $180.00 | $180.00 |
| 20 | NON-Friable Asbestos, Mastic, Non- RCRA Haz. Waste Solid. -55 gallon metal drum | 1 | EA | $200.00 | $200.00 |
| 21 | NON-RCRA, Motor and Lubricating Oil - 5 gallon poly drum | 8 | EA | $90.00 | $720.00 |
| 22 | NON-RCRA, PCB Ballast- 5 gallon poly drum | 1 | EA | $90.00 | $90.00 |
| 23 | UN3432, Polychlorinated Biphenyls, Solid, 9, II, (Ballast) -5   gallon poly drum | 1 | EA | $150.00 | $150.00 |



# CAL WEST
## ENVIRONMENTAL SERVICES, INC

| 24 | UN1307, Waste Xylene, 3, PGII - 55 gallon metal drum | 12 | EA | $110.00 | $1,320.00 |
|---|---|---|---|---|---|
| 25 | UN2790, Waste Acetic Acid Soln., >10% < 50%, by mass, 8,    III - 5 gallon poly drum | 12 | EA | $175.00 | $2,100.00 |
| 26 | UN1987, Waste Alcohols, 3, PGII (Ethanol, Isopropanol) - 55 gallon metal drum | 24 | EA | $110.00 | $2,640.00 |
| 27 | UN2922, Waste Corrosive Liquids, Toxic, NOS, 8(6.1), II, - 5 gallon poly drum | 2 | EA | $175.00 | $350.00 |
| 28 | UN1198, Waste Formaldehyde, Soln., Flammable, 3 (8), III, - 55 gallon metal drum | 24 | EA | $395.00 | $9,480.00 |
| 29 | UN1230, Waste Methanol, 3, II - 5 gallon poly drum | 12 | EA | $90.00 | $1,080.00 |
| 30 | UN1493, Waste Silver Nitrate, 5.1, II - 5 gallon poly drum | 1 | EA | $175.00 | $175.00 |
| 31 | UN3139, Waste Oxidizing Liquid, n.o.s., 5.1, II (Silver Nitrate Solution) - 5 gallon poly drum | 4 | EA | $175.00 | $700.00 |
| 32 | UN3249, Waste Medicine, Solid, Toxic, n.o.s., 6.1, III (Nicotine Patches, Coumadin) - 5 gallon Pail (P001, P075) | 2 | EA | $175.00 | $350.00 |
| 33 | UN1760, Waste Corrosive Liquids, NOS, 8,II - 5 gallon poly drum | 5 | EA | $115.00 | $575.00 |
| 34 | UN2810, Waste Toxic, liquids, organic, n.o.s., 6.1, III, (Ethidium Bromide)-5 gallon poly drum | 4 | EA | $175.00 | $700.00 |
| 35 | UN3249, Waste Medicine, Solid, Toxic, n.o.s., 6.1, III,(Expired medications) 5 gallon poly drum | 10 | EA | $175.00 | $1,750.00 |



**CAL WEST**
**ENVIRONMENTAL SERVICES, INC**

| | | | | | |
|---|---|---|---|---|---|
| 36 | UN1851, Waste Medicine, Liquid, Toxic, n.o.s., 6.1, III (Expired Medications) - 5 gallon poly drum | 10 | EA | $175.00 | $1,750.00 |
| 37 | Non-RCRA Hazardous Waste, Solid, (Drained Oil/Fuel Filters) - 5 gallon poly drum. | 5 | EA | $80.00 | $400.00 |
| 38 | UN1263, Waste Paint Related Materials, 3, II - 55 gallon drum | 2 | EA | $260.00 | $520.00 |
| 39 | Non-RCRA Hazardous Waste, Solid, Oily Rags - 5 gallon poly drum. | 5 | EA | $90.00 | $450.00 |
| 40 | UN1824, Waste Sodium Hydroxide Solution, 8, II - 5 gallon poly drum | 2 | EA | $115.00 | $230.00 |
| 41 | Non-RCRA Hazardous Waste, Solid, (Drained Oil/Fuel Filters), - 55 gallon poly drum | 1 | EA | $80.00 | $80.00 |
| 42 | UN3267, Waste Corrosive Liquid, Basic, Organic, n.o.s., 8 III - 5 gallon poly drum | 2 | EA | $115.00 | $230.00 |
| 43 | UN1759, Waste Corrosive Solids, n.o.s., 8, III - 5 gallon poly drum | 2 | EA | $115.00 | $230.00 |
| 44 | UN3435, Waste Hydroquinone Solution, 6.1, III - 5 gallon poly drum | 2 | EA | $115.00 | $230.00 |
| 45 | UN3265, Waste Corrosive Liquid, Acidic, Organic, n.o.s., 8, II - 5 gallon poly drum | 2 | EA | $115.00 | $230.00 |
| 46 | UN2564, Waste Trichloroacetic Acid Solution, 8, III - 5 gallon poly drum | 2 | EA | $115.00 | $230.00 |
| 47 | Radiology Aprons, 9, III (Lead-impregnated rubber) - 16 gallon drum | 2 | EA | $200.00 | $400.00 |
| 48 | Non-RCRA Hazardous Waste, Solids, (sorbent pads with absorbed oil) - 5 gallon poly drum | 2 | EA | $90.00 | $180.00 |



**CAL WEST**
ENVIRONMENTAL SERVICES, INC

| 49 | UN2582, Waste Ferric Chloride Solution, 8, III - 5 gallon poly drum | 1 | EA | $115.00 | $115.00 |
|----|------------------------------------------------------------|---|-----|---------|---------|
| 50 | UN2821, Waste Phenol Solutions, 6.1, II - 5 gallon poly drum | 2 | EA | $175.00 | $350.00 |
| 51 | UN2031, Waste Nitric Acid, 8, II - 5 gallon poly drum | 1 | EA | $175.00 | $175.00 |
| 52 | Non-RCRA Hazardous Waste, Liquid (Used Antifreeze) - 5 gallon poly drum | 2 | EA | $100.00 | $200.00 |

Total contract including transportation, disposal and resupply if needed of drums and materials is        Total:   **$39,780.00**

<strong>Attachment A</strong>

<strong>Schedule of Deliverables</strong>

| Deliverable No. | Item | Quantity | Delivery Date |
|-----------------|------|----------|---------------|
| One | The contractor shall submit the names and telephone numbers of the contract manager, the alternate contract manager and the on-site technical representative (OSTR). (See B.1. for details) | 1 copy | Within 15 calendar days after award |



**CAL WEST**
ENVIRONMENTAL SERVICES, INC

| Deliverable No. | Item | Quantity | Delivery Date |
|---|---|---|---|
| Two | The contractor shall provide to the COTR, a copy of the sample chain of custody, a copy of the sample analysis, and a copy of the resulting waste stream characterization. (See E.1. for details) | 1 copy | As needed |
| Three | The contractor shall prepare, complete, and return signed copies of shipping documentation (manifests) as required by 40 CFR, state, and local requirements. The contractor shall provide a photo copy of the first page of the signed manifest to the COTR. (See C.3. for details) | 1 copy | Within 24-hours after the hazardous waste pick-up |
| Four | The contractor shall provide the COTR a report that summarizes hazardous waste/material movement from the point of generation to the final TSDF. (See G.1. for details) | 1 copy | The report shall be provided electronically by the 15th day of the following month. |
| Five | The contractor shall provide a copy of the waste stream characterization for each new waste stream sent out during the month. (See G. 2. for details) | 1 copy | The copies shall be provided by the 15th day of the following month. |



CAL WEST
ENVIRONMENTAL SERVICES, INC

| Deliverable No. | Item | Quantity | Delivery Date |
|---|---|---|---|
| Six | The contractor shall provide an annual report summarizing hazardous/special waste movement from point of generation to disposal facility. (See G. 3. for details) | 1 copy | The report shall be provided electronically by the 15th day of the beginning of the Fiscal Year (i.e. October 1 the following year contract began). |
| Seven | The contractor shall inform the COTR of any hazardous waste that was not previously characterized. At the COTR's discretion he/she will direct the contractor to perform a hazardous waste stream profile/analysis. The contractor shall provide all copies of hazardous waste analysis to the COTR prior to disposal of the hazardous waste. | 1 copy | Prior to disposal of hazardous waste that shall not exceed the site EPA ID assigned time limit for RCRA waste. |

**Attachment B**

**Sample Hazardous Waste Profile Sheet**

**Continued Next Page**



# CAL WEST
## ENVIRONMENTAL SERVICES, INC

## HAZARDOUS WASTE PROFILE SHEET

PART 1 (General Information)

Waste Profile Number: Assigned by CWM

1. Generator Name
2. Technical Point of Contact — Title — Phone / Fax
3. Facility Address (include complete address and EPA #)

PART 2 (Chemical Information)

5. Name of Waste
6. European Union Waste Code(s)
7. Process Generating Waste
8. Projected Annual Quantity (in kilograms)
9. Is this waste restricted from land disposal according to European Union Regulations?  ☐ Yes  ☐ No
10. Physical Chemical Properties
   Layering: Multi-layered / Bi-layered / Single Phased
   Flash Point — Water Solubility — pH — Boiling Point
11. Material Characterization: Color
12. Density
13. Physical State: ☐ Solid  ☐ Liquid  ☐ Gas  ☐ Semi-Solid  ☐ Dust
14. Material Composition (Totals/ranges must equal 100%)

| Component | Concentration | Range |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

15. Hazardous Material regulated for ADR shipment?  ☐ Yes  ☐ No
16. Proper Shipping Name
17. Hazard Class / ADR Classification
18. UN Number
19. Packing Method
   ☐ Drum (Specify Size)
   ☐ Original Container
   ☐ Bulk  ☐ Other
20. Special Health & Handling Information
21. Basis of Information (Generator Certification)
   ☐ Chemical Analysis (Attach test results)
   ☐ User Knowledge (Attach supporting documents — User knowledge is appropriate when it can be documented e.g. in & out logs, published info, MSDS, process production info, etc.)

I _____ (print name) HEREBY CERTIFY THAT ALL INFORMATION SUBMITTED IN THIS AND ALL ATTACHED DOCUMENTS ARE TO THE BEST OF MY KNOWLEDGE AN ACCURATE REPRESENTATION OF THE WASTE, AND THAT ALL KNOWN OR SUSPECTED HAZARDS HAVE BEEN DISCLOSED.

Signature of Generator's Representative — Date

2386 First Street, La Verne, CA 91750    Tel (909) 593-7731 Fax (909) 593-2362



# CAL WEST
## ENVIRONMENTAL SERVICES, INC

| PART III (WASTE CHARACTERISTICS) | | | |
|---|---|---|---|
| 22 TOXIC AND DANGEROUS WASTES | | | |
| ☐ Explosive | ☐ Extremely Flammable FlashPoint <0°C and Boiling Point <35°C) | ☐ Easily Flammable FlashPoint < 0°C | ☐ Flammable FlashPoint < 21°C and < 55° |
| ☐ Carcinogen | ☐ Corrosive | ☐ Ecotoxic | ☐ Infectious |
| ☐ Irritant | ☐ Mutagenic | ☐ Noxious | ☐ Teratogenic |
| ☐ Toxic | ☐ Oxidizer | ☐ Water Air Reactive | ☐ Other |

**23   HAZARDOUS CONSTITUENTS**

Indicate the concentration of the constituents, as applicable in mg/L or mg/Kg

| | | | |
|---|---|---|---|
| ☐ Acidic Solutions/Solids | ☐ Antimony | ☐ Aromatic Compounds | ☐ Arsenic Concentration |
| ☐ Asbestos | ☐ Basic Solutions Solids | ☐ Barium Concentration | ☐ Cadmium Concentration |
| ☐ Chlorates | ☐ Chromium Compounds Hexavalent Concentration | ☐ Cupper Compounds Cu (II) Concentration | ☐ Cyanides (Inorganic) Concentration |
| ☐ Cyanides (Organic) Concentration | ☐ Halogenated Solvents Specify Halogen and Concentration | ☐ Isocyanates | ☐ Lead Concentration |
| ☐ Mercury Concentration | ☐ Metallic Carbonyles | ☐ Nitrides Concentration | ☐ PCBs/PCTs Concentration |
| ☐ Perchlorates | ☐ Peroxides | ☐ Pharmaceuticals or Medicinal Compounds | ☐ Phenols |
| ☐ Plague Killers and other Biocides | ☐ Polychlorinated Dibenzofuran Compounds | ☐ Powdered or Dust-regular-dioxins | ☐ Selenium Concentration |
| ☐ Tellurium Concentration | ☐ Thallium Concentration | ☐ Tar base products from refining/distillation ops | ☐ Organo-halogenated Compounds Concentration |
| ☐ Used Synthetic or Mineral Oils, Including Water-Oil Mixtures and Emulsions | | ☐ Non-identifiable or new lab chemicals whose effects on the environment are unknown (Explain) | |
| 24   SUGGESTED CONTRACT LINE ITEM NUMBER (CLIN) FOR DISPOSAL | | | |

NOTE: Explosive and infectious wastes cannot be received by the CREST.



# CAL WEST
### ENVIRONMENTAL SERVICES, INC

**Attachment C**

### Sample Spill Report

ASAP COMPLETE AND RETURN TO ENVIRONMENTAL

## OIL AND HAZARDOUS SUBSTANCE SPILL REPORT

*[form fields illegible]*

---

**ENVIRONMENTAL USE ONLY**

*[form fields illegible]*

STATUS OF CASE: opened

---

## VISN 21 90 CCA
### Contractor Personnel Security Requirements

2386 First Street, La Verne, CA 91750    Tel (909) 593-7731 Fax (909) 593-2362



# CAL WEST
### ENVIRONMENTAL SERVICES, INC

Reference:
VHA Directive 0710, Personnel Security and Suitability Program May 18, 2007
VA Handbook 0710, Personnel Suitability and Security Program September 10, 2004

Upon contract award, all key personnel shall be subject to the appropriate type of background investigation or screening per VA-VHA directive 0710 and must receive a favorable adjudication from CCA Personnel Security Specialist or VA Security and Investigations Center (SIC) depending on investigation or screening required. This requirement is applicable to all subcontract personnel. If the investigation or screening is not completed prior to the start date of the contract, the Contractor will be responsible for the actions of those individuals they provide to perform work for VA.

Contract personnel who previously received a favorable adjudication as a result of a Government background investigation or screening may be exempt from this contract requirement. They must provide documentation to support the previous adjudication. Proof of previous adjudication must be submitted by the Contractor to the VA Contracting Officer. Proof of previous adjudication is subject to verification. Some positions maybe subject to periodic re-investigation/screening.

1. <u>Position Risk/Sensitivity</u> – For all positions required under this contract, the position risk/sensitivity has been designated as: ***High Risk, Medium Risk, or Low Risk***

2. <u>Background Investigation/Screening</u> – It is anticipated that the Contractor or contract personnel will be providing services at a VA facility(s) for MORE than 180 days under a single contract or series of contracts, or have access to VA computer data systems, the background investigation/screening commensurate with the requirements of this contract is: ***BI, MBI OR NACI***

3. <u>Contractor Responsibilities</u>

a. The Contractor shall prescreen all personnel to ensure they are able to read, write, speak, and understand the English language.

b. The Contractor shall submit or have their contract personnel submit the following required forms to the Personnel Security Specialist or VA Contracting Officer, **through the COTR,** within five (5) business days of contract award

<u>Low Risk Investigative Requirements</u>

i. Standard Form 85, Questionnaire for Non-Sensitive Positions
ii. Standard Form 86A, Continuation Sheet for Questionnaires

# CAL WEST
**ENVIRONMENTAL SERVICES, INC**

iii. Optional Form 306, Declaration for Federal Employment (This form will only be used to record an applicant's responses, not for Federal employment purposes)
iv. Electronic Fingerprint Verification **or** FD 258, U.S. Department of Justice Fingerprint Applicant Chart

All forms are located on the VA Background Investigations for Contractors

http://www1.va.gov/VABackground_Investigations.pages(10)pg_2

Prior to completing the required forms, contract personnel should review the *Common Errors on NACI Security Questionnaires, Example_SF85, Example_OF306,* and *General Questions and Answers about OPM background Investigation. This information is located on the web site above.* Incomplete forms will be rejected and could result in a delay of work under the contract.

c.   Once the items requested in paragraph 3. b. above are received, VA will pre-screen these items for completeness, and forward them to the appropriate party(s) in order to initiate the required background investigation(s) or screening(s) within fourteen (14) calendar days of appointment.  Only after the VA Contracting Officer or Personnel Security Specialist notifies the Contractor that the background investigation(s) or screening(s) was initiated shall the Contractor be authorized to provide services under the contract. As previously stated, if the investigation or screening is not completed prior to the start date of the contract, the Contractor will be responsible for the actions of those individuals they provide to perform work for VA.

d.   The Contractor, when notified of an unfavorable determination by the Government, shall withdraw the contract person from consideration of working under the contract.

e.   Failure to comply with these Contractor personnel security requirements may result in termination of the contract for default.

4.   <u>Government Responsibilities</u>

a. The VA Contracting Officer will ensure a time for contract personnel to complete the fingerprint portion of this requirement, if any, and the COTR will responsible for performing any duties assigned by the VA Contracting Officer with regard to fulfilling the Contractor personnel security requirements described herein.

b. Upon receipt, the local VA facility or VA SIC, depending on the type of investigation/screening required, will review the accuracy of the items requested in paragraph 3 b. above, and forward these items to OPM to conduct their portion of the background investigation or screening, as applicable.



**ENVIRONMENTAL SERVICES, INC**

c. The requesting VA facility will pay for any portion of the investigation or screening conducted by OPM, if any.

d. Depending on the type of investigation/screening required, the Personnel Security Specialist, or VA SIC will notify the VA Contracting Officer of the adjudicating results of the background investigation or screening

e. The VA Contracting Officer and Personnel Security Specialist will ensure that the required investigations or screening have been completed or are in the process of being requested.

**Personnel Identity Verification (PIV) of Contractor Personnel**

In accordance with FAR 52.204-9 and VA Directive 0735 *Personal Identity Verification of Federal Employees and Contractors*, any contract person who requires routine physical access to a Federally-controlled facility and/or routine access to a Federally-controlled information system will be required to verify their identity prior to providing services under the contract. Prior to providing services under the contract, each contract person will be asked to provide two (2) forms of identification from the Accepted Identification Documentation List to the appropriate VA representative in order to obtain a proper VA-issued identification card. See the Accepted Identification Documentation List provided below. The COTR, or designee, will be responsible for sponsoring each contract person that requires a VA-issued identification card.

### PIV ID Proofing Criteria

The following criteria must be met by all VA employees, contractors, and affiliates prior to being issued a PIV card or Temporary Identity Badge.

### Table of Accepted Identification (From Form I-9)
### Last Update: January 7, 2008

### Continued Next Page

2386 First Street, La Verne, CA 91750     Tel: (909) 593-7713 Fax (909) 593-2362



**CAL WEST**
**ENVIRONMENTAL SERVICES, INC**

| Picture ID From Federal or State Government | Non-Picture ID or Acceptable Picture ID not issued by Federal or State Government |
|---|---|
| • State-Issued Drivers License<br>• State DMV-Issued ID Card<br>• U S Passport<br>• Military ID Card<br>• Military Dependent's card<br>• US Coast Guard Merchant Mariner card<br>• Foreign Passport with appropriate stamps<br>• Permanent Resident Card or Alien Registration Card with a photograph (INS Form I-151 or I-551)<br>• ID Card issued by federal or state government agencies provided it includes a photograph | • Social Security Card<br>• Certified Birth Certificate<br>• State Voter Registration Card<br>• Native American Tribal Document<br>• Certificate of U S Citizenship (INS Form N-560 or N-561)<br>• Certificate of Naturalization (INS Form N-550 or N-570)<br>• Certification of Birth Abroad issued by the Department of State (Form FS-545 or Form DS-1350)<br>• Permanent or Temporary resident card<br>• ID Card issued by local government agencies provided it includes a photograph or includes the following information name, date of birth, gender, height, eye color, and address<br>• Non-photo ID Card issued by federal or state government agencies provided it includes the following information name, date of birth, gender, height, eye color, and address<br>• School ID with photograph<br>• Canadian Drivers License<br>• US Citizen ID Card (Form I-179) |

1.   Two forms of identification are required from the above list of acceptable documents. Either of the following is accepted:

   a.   Two forms of identification from the left column (Federal or State Government issued picture ID).
   b.   One form of identification from the left column (Federal or State Government issued picture ID) and one form from the right column (Non-Picture ID or Acceptable Picture ID not issued by Federal or State Government).

2.   Two forms of identification are required from the above list of acceptable documents. Either of the following is accepted:

   c.   Two forms of identification from the left column (Federal or State Government issued picture ID).

   d.   One form of identification from the left column (Federal or State Government issued picture ID) and one form from the right column (Non-Picture ID or Acceptable Picture ID not issued by Federal or State Government).



# CAL WEST
**ENVIRONMENTAL SERVICES, INC**

3.  The following rules apply for form identification:

a.   Any form of identification used for ID proofing may not be expired (except U.S. Passport)

b. Department of Veterans Affairs site/facility badges are not accepted as a valid form of identification.

c. VA PIV Cards are federally issued ID cards and can be used as a valid form of identification.

d. Handwritten or photocopied documents are not accepted.

e. An ID issued before a legal name change (e.g. birth certificate or driver's license) can be presented as one form of ID if a legal document (e.g. marriage certificate/license or a court order) is also presented linking the previous name to the current legal name. The linking document has to display both the former and current legal names. Both documents must be valid and not expired (except U.S Passport). For example, a married woman may use both a certified copy of her birth certificate displaying her maiden name and a driver's license displaying her married name as the 2 forms of ID compliant with PIV Guidelines, as long as she provides a marriage license displaying both her maiden name and married name.

f. The Applicant's name listed on the VA PIV Registration Portal, Request for One-VA Identification Card, must match the name on one of the IDs presented by the Applicant.

g. The names on both forms of ID presented for ID proofing must match exactly. If one form of ID has a middle name or initial, the other form of ID must have a matching middle name or initial. One form can contain a middle name and the other can have a middle initial as long as the they match. ALL names must be accounted for on both forms of ID. Please see the acceptable and unacceptable ID proofing examples provided below.

## ACCEPTABLE NAME VARIATIONS

ID # 1 - John Henry Smith; ID # 2 - John Henry Smith

ID # 1 - John H. Smith; ID # 2 - John H. Smith

ID # 1 - John Henry Smith; ID # 2 - John H. Smith



# CAL WEST
**ENVIRONMENTAL SERVICES, INC**

## UNACCEPTABLE NAME VARIATIONS

ID # 1 - John Henry Smith, ID # 2 - John Smith

ID # 1 - John H. Smith, ID # 2 - John Smith

**Access to and Safeguard of VA Information/Computer Systems**

a. VA may provide contract personnel with access to VISTA and general files maintained on VA computer systems. Sharing of these access codes or misuse of VA information/computer systems is a Federal crime. When contract personnel no longer provides services to VA, the Contractor shall immediately inform the COTR to deactivated their access. The COTR is responsible for deactivation.

b. Computer access will require **VA Cyber Security Awareness Training** annually and acknowledge all agreements prior to access. (See attachment for security requirements). The COTR is responsible for ensuring and documenting this requirement.

c. Contract personnel with Computer access will take necessary precautions to safeguard information and prevent disclosures. If contract personnel suspect a compromised they will report such knowledge to the COTR that same day.

d. Remotely access will require prior approval from Information Security Officer (ISO).

e. The Contractor shall make its internal policies and practices regarding the safeguarding medical electronic information available to VA. Contractors are not authorized to employ a lesser requirement then what is established by this document.

g. Any changes in the VA directives governing the during the term of this contract, shall be deemed to be incorporated into this contract.

## Handling of Records

a. By performing services under this contract, the Contractor is considered part of the VA healthcare activity for purposes of the following statutes and respective regulations implementing these statutes: Title 5 U.S.C Section 552a (Privacy Act), Title 38 U.S.C Section 5701, Title 38 U.S.C. Section 5705, Title 38 U.S.C Section 7332, and Public Law 104-191 (HIPAA). Contract personnel shall have access to patient medical records and general files only to the extent necessary to perform their contractual duties. Contract personnel shall only release medical information obtained during the course of this contract to those VA medical staff members involved in the necessary care and treatment

2386 First Street, La Verne, CA 91750    Tel (909) 593-7731 Fax (909) 591-2362



**CAL WEST**
**ENVIRONMENTAL SERVICES, INC**

of the individual patient in which the information pertains. Notwithstanding any other clause and/or provision of this contract, if a request for release or disclosure of information is not necessary for the care and treatment of an individual patient, the Contractor and contract personnel shall not disclose any information contained in general files, patient records, and/or any other individually identifiable health information, including information and records generated by the Contractor in performance of this contract, except pursuant to explicit instruction and written approval from VA. For the purposes of this paragraph, instruction to disclose or copy such records and/or information may only be provided by the following: VA Regional Counsel and Chief, Health Information Management Service Privacy Officer through the VA Contracting Officer. Violation of the aforementioned statutes may result in criminal and/or civil penalties.

b. Contract personnel who obtain access to hardware or media which may manipulate or store drug or alcohol abuse data, sickle cell anemia treatment records, records or tests or treatment for or infection with HIV, medical quality assurance records, or any other sensitive information protected under the statues and implementing regulations previously mentioned in paragraph a., above, shall not have access to the records unless absolutely necessary to perform their contractual duties. Any contract person who has access to the previously mentioned data and/or information must not disclose it to anyone, including other contract personnel not involved in the performance of the particular contractual duty for which access to this data and/or information was obtained.

c. Information or records accessed and/or created by the Contractor in the course of performing services under this contract are the property of the VA and shall not be accessed, released, transferred, or destroyed except in accordance with applicable federal law, regulations, and/or VA/VHA policy. The Contractor will not copy information contained in VA information systems, either by printing to paper or by copying to another digital format, without the explicit instruction and written approval from of the officials listed in paragraph a., above, except as is necessary to make single copies in the ordinary course of providing patient care. The Contractor will not commingle the data from VA information systems with information from other sources. Contractor shall report any unauthorized disclosure of VA information to the officials listed in paragraph a., above.

d. If this contract is terminated for any reason, the Contractor will provide VA with all individually identifiable VA patient treatment records or other information in its possession, as well as any copies made pursuant to paragraph c., above, within seven (7) calendar days of the termination of this contract.

e. The Contractor shall follow all VA policies regarding the retention of records. As an alternative, the Contractor may deliver the records to VA for retention

2386 First Street, La Verne, CA 91750    Tel (909) 593-7331 Fax (909) 593-2362



**CAL WEST**
**ENVIRONMENTAL SERVICES, INC**

f. The Contractor shall follow all of the previously mentioned statutes and respective regulations implementing these statutes as well as VHA Handbook 1605.1 - *Privacy and Release of Information* and any other VA/VHA policies and procedures governing the information discussed in this section of the contract. Copies of the information discussed in the aforementioned paragraphs may be viewed by contract personnel in the Office of Health Information Management (see the Privacy Officer). All contract personnel with access to any of the previously mentioned records (electronic or paper) will be required to complete **VHA Privacy Policy Training** before accessing such record systems (see attachment for applicable VA information security requirements). This training must also be completed annually. The COTR will be responsible for ensuring and documenting that this requirement is satisfied.

g. Any changes in the laws, regulations, or VA/VHA policies or procedures governing the information covered by this section of the contract, during the term of this contract, shall be deemed to be incorporated into this contract.

END

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ESTRATEGY, INC., a Delaware corporation, dba One Salute, Inc.; BRIAN
SEXTON, an individual; LAURA LAKE, an individual; DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CAL WEST ENVIRONMENTAL SERVICES, INC., a California corporation

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

**OCT 08 2015**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Jacqueline Gonzalez

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>400 Civic Center Plaza<br>Pomona, CA 91766<br>Pomona Courthouse South | CASE NUMBER:<br>*(Número del Caso)*<br>**KC067957** |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard T. Egger, Esq., Bar No. 162581      Telephone: (909) 989-8584
Lauren M. Strickroth, Esq., Bar No. 252700
BEST BEST & KRIEGER LLP
2855 E. Guasti Road, Suite 400, Ontario, CA 91761

DATE:      **OCT 08 2015    SHERRI R. CARTER**      Clerk, by_____, Deputy
*(Fecha)*                                          *(Secretario)*           J. GONZALEZ      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**CASE ASSIGNED FOR
ALL PURPOSES TO
JUDGE ROBERT A. DUKES
DEPT.  O**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]                    **SUMMONS**                    American LegalNet, Inc.
www.FormsWorkflow.com          Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Richard T. Egger, Esq., Bar No. 162781
Lauren M. Strickroth, Esq. Bar No. 252700
BEST BEST & KRIEGER LLP
2855 E. Guasti Road, Suite 400, Ontario, CA 91761

TELEPHONE NO.: (909) 989-8584    FAX NO.: (909) 944-1441
ATTORNEY FOR *(Name):* Plaintiff, CAL WEST ENVIRONMENT SERVICES, INC.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS: 400 Civic Center Plaza
CITY AND ZIP CODE: Pomona, CA 91766
BRANCH NAME: Pomona Courthouse South

**FOR COURT USE ONLY**

**FILED**
Superior Court of California
County of Los Angeles

**OCT 08 2015**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
    Jacqueline Gonzalez

CASE NAME: CAL WEST ENVIRONMENT vs. ESTRATEGY, INC., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: **KC067957** |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000)   ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☒ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 7, 2015

Richard T. Egger
_____
(TYPE OR PRINT NAME)    ► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

---

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: CAL WEST ENVIRONMENT vs. ESTRATEGY, INC., et al. | CASE NUMBER KC067957 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☒ YES TIME ESTIMATED FOR TRIAL   2   ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Money Control, Inc. v. The State of California, et al. | KC067957 |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | | |
| Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☒ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., (2), (5).<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☒ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., (2), 3 (5).<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE:<br>CAL WEST ENVIRONMENT vs. ESTRATEGY, INC., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**



| SHORT TITLE: | CASE NUMBER |
|---|---|
| CAL WEST ENVIRONMENT vs. ESTRATEGY, INC., et al. | |

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS:<br>2386 First Street |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☒5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY:<br>La Verne | STATE:<br>CA | ZIP CODE:<br>91750 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ Los Angeles _____ courthouse in the Pomona Courthouse South _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: October 7, 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
RICHARD T. EGGER

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

**ORIGINAL**

| Attorney or Party without Attorney:<br>RICHARD T. EGGER, ESQ., Bar #162581<br>BEST BEST & KRIEGER LLP<br>2855 EAST GUASTI ROAD<br>SUITE 400<br>ONTARIO, CA  91761<br>*Telephone No:* (909) 989-8584    *FAX No:* (909)944-1441 | *For Court Use Only* |
|---|---|
| *Attorney for:* Plaintiff    *Ref. No. or File No.:* | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**NOV 20 2015**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Jacqueline Gonzalez |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Superior Court Of The State Of California County Of Los Angeles | |
| *Plaintiff:* CAL WEST ENVIRONMENTAL SERVICES, INC, et al.<br>*Defendant:* ESTRATEGY, INC., et al. | |

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>KC067957 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; VERIFIED COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION.

3. a. *Party served:*
   b. *Person served:*
   BRIAN SEXTON, AN INDIVIDUAL
   "JOHN DOE"/DOORMAN (ASIAN, MALE, 33YRS, DARK HAIR)

4. *Address where the party was served:*
   25 EAST SUPERIOR ST.
   STE. 4201
   CHICAGO, IL  60611

5. *I served the party:*
   b. **by substituted service.** On: Fri., Nov. 06, 2015 at: 1:45PM by leaving the copies with or in the presence of:
   "JOHN DOE"/DOORMAN
   (2) **(Home)**Competent Member of the Household over 18. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. *Person Who Served Papers:*
   a. KYLE CLUTTER

   **First Legal**
   3600 Lime Street, Suite 626
   Riverside, CA 92501
   Telephone    (951) 779–1110
   Fax            (951) 779–0100
   www.firstlegalnetwork.com

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*    $280.96

   e. I am: Not a Registered California Process Server

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Mon, Nov. 09, 2015

   (KYLE CLUTTER)

   Judicial Council Form POS-010
   Rule 2.150.(a)&(b) Rev January 1, 2007

   **PROOF OF SERVICE<br>SUMMONS**

   8494368  .riceg.748435

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| RICHARD T. EGGER, ESQ., Bar #162581<br>BEST BEST & KRIEGER LLP<br>2855 EAST GUASTI ROAD<br>SUITE 400<br>ONTARIO, CA  91761<br>*Telephone No:* (909) 989-8584     *FAX: No:* (909)944-1441<br><br>*Attorney for:* Plaintiff | *Ref. No or File No.:* | |

*Insert name of Court, and Judicial District and Branch Court:*
   Superior Court Of The State Of California County Of Los Angeles

*Plaintiff:* CAL WEST ENVIRONMENTAL SERVICES, INC, et al.
*Defendant:* ESTRATEGY, INC., et al.

| **AFFIDAVIT OF DUE DILIGENCE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>KC067957 |
|---|---|---|---|---|

1. I, KYLE  CLUTTER, and any employee or independent contractors retained by FIRST LEGAL SUPPORT SERVICES  are and were on the dates mentioned herein over the age of eighteen years and not a party to this action.  Personal service was attempted on Defendant BRIAN SEXTON, AN INDIVIDUAL as follows:

2. *Documents:*     SUMMONS; VERIFIED COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION..

| Day | Date | Time | Location | R e s u l t s |
|---|---|---|---|---|
| Mon | 10/12/15 | 8:35pm | Home | HIGH RISE CONDO BUILDING, DOORMAN CALLED SUBJECT, DID NOT RECEIVE AN ANSWER, ACCESS REFUSED. Attempt made by: KYLE CLUTTER. Attempt at: 25 EAST SUPERIOR ST. STE. 4201 CHICAGO, IL 60611. |
| Tue | 10/13/15 | 9:10am | Home | DOORMAN CALLED SUBJECT, SUBJECT ADVISED DOORMAN HE WAS OUT OF THE COUNTRY AND DID NOT KNOW WHEN HE WOULD BE RETURNING, ACCESS REFUSED. Attempt made by: KYLE  CLUTTER. Attempt at: 25 EAST SUPERIOR ST. STE. 4201  CHICAGO, IL 60611. |
| Wed | 11/04/15 | 9:15am | Home | DOORMAN CALLED SUBJECT, SUBJECT ADVISED DOORMAN HE WAS STILL OUT OF THE COUNTRY AND SUBJECT TOLD DOORMAN NOT TO ACCEPT SERVICE. Attempt made by: KYLE  CLUTTER. Attempt at: 25 EAST SUPERIOR ST. STE. 4201  CHICAGO, IL 60611. |
| Fri | 11/06/15 | 1:45pm | Home | Substituted Service on:   BRIAN SEXTON, AN INDIVIDUAL Home - 25 EAST SUPERIOR ST. STE. 4201 CHICAGO, IL 60611 by Serving: "JOHN DOE"/DOORMAN (ASIAN, MALE, 33YRS, DARK HAIR) Competent Member of the Household over 18  by leaving a copy of the document(s) with: "JOHN DOE"/DOORMAN.  Served by: KYLE  CLUTTER |

Page Number 1
U *Date:* Mon, Nov. 09, 2015                    **AFFIDAVIT OF DUE DILIGENCE**                    8494368.best.748435

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| RICHARD T. EGGER, ESQ., Bar #162581<br>BEST BEST & KRIEGER LLP<br>2855 EAST GUASTI ROAD<br>SUITE 400<br>ONTARIO, CA 91761<br>Telephone No: (909) 989-8584      FAX: No: (909)944-1441 | | | | |

*Ref. No or File No.:*

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
Superior Court Of The State Of California County Of Los Angeles

*Plaintiff:* CAL WEST ENVIRONMENTAL SERVICES, INC, et al.
*Defendant:* ESTRATEGY, INC., et al.

| **AFFIDAVIT OF DUE DILIGENCE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>KC067957 |
|---|---|---|---|---|

| Day | Date | Time | Location | R e s u l t s |
|---|---|---|---|---|
| Fri | 11/06/15 | | | Mailed copy of Documents to:  BRIAN SEXTON, AN INDIVIDUAL |

3.  *Person Executing*
    a. KYLE  CLUTTER
    **b. FIRST LEGAL SUPPORT SERVICES**
       3600 LIME ST.
       STE 626
       RIVERSIDE, CA  92501
    c. 951-779-1110

Recoverable Costs Per CCP 1033.5(a)(4)(B)
**d. *The Fee*** *for service was:* $280.96
**e. *I am:***   (3)  Not a Registered California Process Server

4.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
    Date: Mon, Nov. 09, 2015

Page Number 2

**AFFIDAVIT OF DUE DILIGENCE**      (KYLE  CLUTTER)

8494368.best.748435

| Attorney or Party without Attorney: | | | | | For Court Use Only |
|---|---|---|---|---|---|
| RICHARD T. EGGER, ESQ., Bar #162581<br>BEST BEST & KRIEGER LLP<br>2855 EAST GUASTI ROAD<br>SUITE 400<br>ONTARIO, CA 91761 | | | | | |

*Telephone No:* (909) 989-8584    *FAX No:* (909)944-1441

| | *Ref. No or File No.:* |
|---|---|

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*

Superior Court Of The State Of California County Of Los Angeles

*Plaintiff:* CAL WEST ENVIRONMENTAL SERVICES, INC, et al.

*Defendant:* ESTRATEGY, INC., et al.

| **PROOF OF SERVICE**<br>**By Mail** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>KC067957 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the SUMMONS; VERIFIED COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION.

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:

   a. Date of Mailing:        Fri., Nov. 06, 2015
   b. Place of Mailing:       RIVERSIDE, CA 92501
   c. Addressed as follows:   BRIAN SEXTON, AN INDIVIDUAL
                              25 EAST SUPERIOR ST.
                              STE. 4201
                              CHICAGO, IL 60611

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Fri., Nov. 06, 2015 in the ordinary course of business.

5. *Person Serving:*                                     Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JACQUIE WARNER                     d. ***The Fee** for Service was:*   $280.96
   b. FIRST LEGAL SUPPORT SERVICES       e. I am: Not a Registered California Process Server
      3600 LIME STREET
      SUITE 626
      RIVERSIDE, CA 92501
   c. 951-779-1110

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date: Mon, Nov. 09, 2015*

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>By Mail | (JACQUIE WARNER)<br>*8494368   riceg.748435* |
|---|---|---|

**FILED**
Superior Court of California
County of Los Angeles
FILE STAMP
**OCT 13 2015**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Londie Olmos

NOTICE SENT TO:

Egger, Richard T., Esq.
BEST BEST & KRIEGER LLP
3500 Porsche Way, Suite 200
Ontario                    CA    91764

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| CAL WEST ENVIRONMENTAL SERVICES INC<br>Plaintiff(s),<br>VS.<br><br>ESTRATEGY INC<br>Defendant(s). | CASE NUMBER<br><br>KC067957<br><br>**NOTICE OF CASE<br>MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for ___March 1, 2016___ at ___8:30 am___ in ___Dept. EA O___ at 400 Civic Center Plaza, Pomona, California, 91766.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: ___October 13, 2015___

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Pomona, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date: ___October 13, 2015___

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Three

**FILED**
Superior Court of California
County of Los Angeles

FILE STAMP **OCT 13 2015**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Londie Olmos

NOTICE SENT TO:

Egger, Richard T., Esq.
BEST BEST & KRIEGER LLP
3500 Porsche Way, Suite 200
Ontario          CA  91764

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| CAL WEST ENVIRONMENTAL SERVICES INC<br>Plaintiff(s),<br>VS.<br><br>ESTRATEGY INC<br>Defendant(s). | CASE NUMBER<br><br>KC067957<br><br>**ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on January 15, 2016 at 8:30 am in Dept. EA O of this court, East District, 400 Civic Center Plaza, Pomona, California 91766, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [ ] Summons and [ ] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:**

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [ ] Clerk's Office, Room _____ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: October 13, 2015

Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Pomona, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: October 13, 2015

Sherri R. Carter, EXECUTIVE OFFICER/CLERK

By _____ Deputy Clerk

ORDER TO SHOW CAUSE HEARING

| | |
|---|---|
| LACIV 166-1 (Rev. 09/08)<br>LASC Approved 06-04 | LASC Local Rules, Chapter 7<br>Cal. Rules of Court, rule 2.30 |